HERMAN STEINKRAUS, PLAINTIFF IN ERROR, v. D. S. HURLBERT ET AL., DEFENDANTS IN ERROR.

1. **Liquors**: LICENSE: REMONSTRANCE. Where a remonstrance against the issuing of license to a certain applicant is filed with the licensing board, in which it is alleged that the applicant "within the five or six months last past, during which time he has run a saloon in Plainview, has been guilty of gross violations of the law under which he now asks for license," it is the duty of such board to set a day and hear testimony to prove or disprove the charge, and render a decision thereon.

2. ———: HEARING IN DISTRICT COURT. If the licensing board refuse to receive testimony in support of the remonstrance, the district court will remand the cause in order that such testimony may be taken and a decision rendered thereon.

ERROR to the district court for Pierce county. Tried below before TIFFANY, J.

*E. P. Holmes*, for plaintiff in error.

*O. J. Frost*, for defendant in error.

MAXWELL, CH. J.

The plaintiff presented a petition, duly signed, to the county commissioners of Pierce county for a licence to sell malt, spirituous and vinous liquors in Plainview in said county. Before the time set for the hearing of the petition, the defendant and others filed a remonstrance, duly signed, with said commissioners, protesting against the issuing of a license to the plaintiff, upon the ground that "the said Herman Steinkraus, within the five or six months last past, during which time he has run a saloon in Plainview, has been guilty of gross violations of the law under which he now asks for a license."

On the day set for the hearing of the remonstrance the commissioners "refused to permit any testimony to be introduced showing that said applicant, Herman Steinkraus, had been guilty of the violation of any of the provisions of the act relating to the sale of liquors contained in chapter 50 of the Compiled Statutes of Nebraska within the space of one year prior thereto, and instructed the clerk to issue license for the purpose aforesaid to the said Herman Steinkraus for the period of one year," etc.

The cause was taken on error to the district court, where the order of the commissioners was reversed and the cause remanded to them to hear testimony on the remonstrance.

Sec. 3 of chapter 50, Compiled Statutes, provides that "If there be any objection, protest or remonstrance, filed in the office where the application is made against the issuance of such license, the county board shall appoint a day for the hearing of said case, and if it shall be satisfactorily proven that the applicant for license has been guilty of the violation of any of the provisions of this

act for the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license."

Sec. 4 provides for the taking of testimony and the reducing of the same to writing, and in case either party appeal, the certifying of the same to the district court.

In the case at bar, however, the commissioners refused to hear testimony. While no doubt they could be compelled by mandamus to hear testimony in a case in order that the question of the applicant's violation of the law for a year previous to the filing of the application for license may be determined, and in order that either party may appeal, yet the failure to do so will not deprive the party of his right to object to such refusal by proceedings in error.

The design of the law is, that those who protest against the issuing of license for any of the causes named in the statute shall have an opportunity to present their evidence to establish their objections. The petition for license must set forth "that the applicant is a man of respectable character and standing." Those who remonstrate against the issuing of a license say in effect that he is not. This presents an issue which must be determined from the evidence. The reasons assigned against the issuing of a license are to be carefully weighed, and if upon all the testimony it appears that the applicant has been guilty of the violations of the law complained of, a license should be refused. In other words, the remonstrants have a right to insist that the saloon keeper who has furnished intoxicating liquor to any " minor, apprentice or servant under twenty-one years of age," or to an " Indian, insane person, or idiot, or habitual drunkard," or " on the day of any special or general election, or on Sunday, during the preceding year," shall be prohibited from committing like offenses during the ensuing year. The welfare of the

community demands that the man who for the past year has deliberately violated the law by the unauthorized sale of intoxicating drinks shall not be given new power to continue such traffic. It was the duty of the county commissioners, therefore, to have heard the testimony offered by the persons filing the "remonstrance," and if any violations of the law by the petitioners for the preceding year were proved, to refuse a license to him. There is no provision for taking testimony in the district court. It is the duty of the licensing board to take such testimony. Then in case either party is aggrieved an appeal may be taken to the district court. The court below, therefore, did not err in reversing the cause and remanding it to the board of county commissioners to take testimony and act thereon. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.