A. H. THOMPSON ET AL. v. M. J. EAGAN ET AL.

FILED OCTOBER 21, 1903. No. 13,026.

1. **Liquor License:** NOTICE. It is not necessary to republish the notice of application for license to sell intoxicating liquors after additional names are permitted to be added to the petition.

2. ———: PETITION: INFANTS. Infant children, although residents and heirs to estates of inheritance in real estate in the precinct, are not qualified signers of a petition for the sale of intoxicating liquors in such precinct.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Elberti Ready* and *Cassius H. Whitney,* for plaintiffs in error.

*R. J. Millard* and *A. M. Gooding, contra.*

OLDHAM, C.

This is a contest over the granting of a license to sell intoxicating liquors by the board of county commissioners of Cedar county to one M. J. Eagan, in precinct No. 1 of said county. The original petition on which the license was granted purported to have been signed by forty-four freeholders of the precinct. The petition was filed June 24, 1902, and notice of the application was published as required by statute. On July 10, a remonstrance was filed against the petition. The time of hearing of the remonstrance was fixed by the board August 20, and the application was thereafter granted. The remonstrators appealed from the action of the board to the district court, and, on a hearing there, the remonstrance was dismissed and the findings of the county board were sustained. From this judgment the remonstrators bring error to this court.

The first question urged in the brief of remonstrators is that the county board had no jurisdiction to grant the license. This contention is based on the claim that the petition was not signed by a majority of the legal resident

freeholders of the precinct. As before stated, the petition purported to have been signed by forty-four freeholders of the precinct. The evidence introduced before the board showed that there were seventy-four resident freeholders in the precinct, and strongly tended to show that at least forty-two of the signers to the petition were resident freeholders of the precinct. It is urged, however, that certain of the signers of the petition subsequently signed the remonstrance to the petition, and, therefore, should have been counted as remonstrators and not as petitioners. This contention would be meritorious, if it were not for the fact that the record shows that, after signing the remonstrance, they filed a petition with the board, asking to withdraw from the remonstrance and to have their names continued upon the petition; and this leave was granted by the board before the final hearing on the remonstrance. Three other freeholders of the precinct petitioned the board, pending the hearing, to have their names added to the petition, which leave was granted by the board. It is contended that these additional names could not be added to the petition without the publication of a new notice. This identical question was before this court in *Livingston v. Corey,* 33 Neb. 366, where it was held that it is not necessary to republish a notice after the addition of names to the petition for a liquor license.

It is further contended, in the brief, that certain minor children who were heirs to estates in the precinct should have been counted among the legal resident freeholders of the precinct who had not signed the petition. We think that there is little merit in this contention. The statute never contemplated infant children, although residents and heirs to estate of inheritance in the precinct, as proper persons to sign a petition for a license to sell intoxicating liquors. This right was intended to be reserved for the full grown resident freeholders of the precinct.

Finding no error in the proceedings of the district court, we recommend that its judgment be affirmed.

HASTINGS and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.