H. C. SEELE ET AL., APPELLANTS, V. LINCOLN PHELPS, APPELLEE.

FILED MAY 21, 1908. No. 15,218.

1. **Appeal:** EVIDENCE. When a licensing board, upon the hearing of a remonstrance against the issuing of a liquor license, refuses to receive a part of the testimony offered by the remonstrators, an offer of proof should be made, that the apellate court may determine whether or not its rejection was erroneous or prejudicial.

2. **Intoxicating Liquors:** LICENSE. The statute does not prohibit a licensing board from granting the application for a liquor license before the payment of the license fee. The board may, in the absence of an ordinance providing otherwise, order that the license be issued upon the payment of the fee; and, if such a condition is not made a part of the order, the law imposes the same, and will not permit the issuing of the license until the fee is paid.

**3.** ———: ———: An application for a liquor license will not be rejected because the officer with whom it was filed removed from the municipality, thereby making it inconvenient or impossible for the public to see the application, unless it is disclosed that these facts were prejudicial to the remonstrators or to other interested parties.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*E. Ross Hitchcock* and *George A. Adams,* for appellants.

*D. W. Livingston, contra.*

EPPERSON, C.

The appellee presented to the board of trustees of the village of Burr a petition for a liquor license signed by a majority of the resident freeholders of said village. A remonstrance was filed by the appellants, protesting against the issuance of said license for the reasons: First, that the board was without authority to grant the license; second, that said applicant had during the past year violated the provisions of the liquor law by selling to habitual drunkards and minors; third, that the applicant had during a part of the preceding year maintained a saloon in said village, in which he kept for sale and did sell intoxicating liquors without a license. Prior to the hearing the board made an order requiring remonstrators to make more specific certain of their objections. This order was not complied with. Witnesses testified in behalf of the applicant as to his good character and standing, although the same was not directly assailed. On cross-examination remonstrators sought to prove that the witnesses had heard that the applicant had purchased and operated a saloon in said village for about six months during the preceding year, and further offered to show "that within the knowledge (of the witness), and by other information, the applicant has violated the laws within the past year." Such evidence was rejected by the village

board. It is apparent that this offer of proof was indefinite, and that the evidence offered was therefore incompetent.

Upon the conclusion of the applicant's evidence remonstrators called a witness, who was sworn, but not permitted to testify, for the reason that remonstrators had not complied with the order of the board requiring them to make their objections more definite and certain. No tender of proof was made, and we are unable to judge the competency of the evidence they were prepared to give. It is the rule that, where a licensing board fails to receive competent evidence, the case will be remanded, and the board directed to hear the evidence. But we are unable to say whether or not the remonstrators had evidence which they were entitled to produce. They should have made their offer. Then, had it been rejected by the board, the appellate court could determine whether or not its rejection was erroneous or prejudicial. Four of the five remonstrators, when called as witnesses in behalf of the applicant, testified that their only reason for opposing the application was that they favored two saloons instead of one. One of the appellants had been refused a license by the same board; and this only, it seems, prompted this litigation. The atmosphere surrounding this case is not of the purest. It appears that the remonstrance was first prepared in opposition to the application of one of the remonstrators for a liquor license in another village, but it was changed by erasure and interlineation to oppose the appellee's petition. This is no ground for its rejection, but probably explains the remonstrator's failure to make their objections more specific and certain. The burden was upon the remonstrators to prove the specific allegations charged. No evidence was offered. The applicant proved jurisdictional facts.

It is contended that the board was powerless to grant the license, because the license fee had not been paid. Undoubtedly the village board would have no authority to issue the license until the fee was paid. However, we

do not consider that this question is before us. ` The statute does not prohibit the board from acting upon the application before the payment of the fee. It may allow the petition, and order that the license issue upon the payment of the fee; but, if such a condition is not made a part of the order, the law imposes the same, and will not permit the issuing of the license until the fee is paid. It · is from the order of the board granting the petition that remonstrators appealed.

Complaint is made that the village clerk had removed from the village soon after the petition was filed with him, thereby leaving a vacancy in that office; but it is not disclosed that this fact was prejudicial to the remonstrators, or to any interested party.

We recommend that the judgment of the district court favorable to the applicant be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.