LEWIS E. POWELL, APPELLEE, V. ALICE MORRILL ET AL., APPELLANTS.

FILED DECEMBER 17, 1908.   No. 15,839.

1. Intoxicating Liquors: PETITION FOR LICENSE: FREEHOLDERS. Under section 25, ch. 50, Comp. St. 1907, the freeholders required as signers of the petition for a license to sell intoxicating liquors must be *bona fide* freeholders, and not such as were made freeholders merely for the purpose of enabling them to sign the petition.

2. ———: ———. The wife of an applicant for a liquor license, even though she may be a freeholder, is not a qualified petitioner within the meaning of the liquor law.

3. **Witnesses:** CROSS-EXAMINATION. Where a witness on his direct
   examination testifies that an applicant for a liquor license is a
   man of respectable character and standing in the community, it
   is competent to interrogate said witness on cross-examination
   concerning specific acts of the applicant, as that he has violated
   the excise law, or committed any other act in violation of law
   or repugnant to the moral sense of the community.

4. **Appeal:** OFFER OF PROOF. A formal offer to prove is not necessary
   to obtain a review of the ruling of the excise board in excluding
   an answer to a proper question propounded on the cross-examina-
   tion of a witness.

APPEAL from the district court for Merrick county:
CONRAD HOLLENBECK, JUDGE. *Reversed with directions.*

*Patterson & Patterson* and *Martin & Ayres,* for appel-
lants.

*Harrison & Prince, contra.*

ROOT, C.

Appeal from a judgment of the district court for Mer-
rick county affirming an order of the village board of
Chapman granting license to Lewis E. Powell to vend in-
toxicating liquors in said village. Remonstrants appeal.

1. Thirty-two individuals signed Powell's petition. It
is not alleged in the petition or claimed by any party to
this record that there are less than 60 resident freeholders
in said village, and, therefore, if three or more of the said
petitioners were not qualified to petition for said license,
it should not have been issued. It is evident that there is
a sharp division of sentiment in Chapman concerning the
liquor traffic, and that applicants experience some diffi-
culty in securing the 30 freeholders essential to vest the
village trustees with power to issue such license. John
Voberill and wife, Anna, are challenged as not qualified
petitioners. About three days before they signed said peti-
tion the applicant procured a deed for one vacant lot for
them from one Hugo Nissen. The lot had been deeded
gratuitously to Nissen about a year preceding his convey-

ance to the Voberills, and he had thereupon signed a petition for a liquor license. Nissen testified that Powell came to him and requested a conveyance to the Voberills jointly so that he could secure two more signers upon his petition; that he received no consideration for the transaction or lot except that he was told to sign his name across the back of a note, but that he did not see the face thereof. The proof does not inform us what became of that document. Voberill claims to have purchased *bona fide*, and Powell denies Nissen's testimony, but there are many circumstances tending to corroborate Nissen, and the board refused to permit the notary who was present with Powell when the deed was made to answer questions concerning the transaction. Voberill claims to own other property in McCormick's addition to said village, but his testimony is too indefinite on this point to establish that fact. We held in *Dye v. Raser*, 79 Neb. 149, that said addition to Chapman was laid out and maintained in the interest of the liquor traffic and for the sole purpose of furnishing lots for colorable freeholders to sign petitions like the one in the instant case. Mrs. Voberill was not called as a witness, and there is nothing to show that she claims any interest under this deed or knows of its existence. The Voberills were not competent petitioners under the rule announced in *Bennett v. Otto*, 68 Neb. 652; *Colglazier v. McClary & Martin*, 5 Neb. (Unof.) 332; *Dye v. Raser, supra*.

2. Mrs. Minnie Powell, wife of the applicant, also signed his petition. Her freehold title is evidenced by a joint deed to herself and husband for a vacant lot. This conveyance was executed in 1906, and immediately thereafter she and her husband signed a brother-in-law's petition for a saloon license. She did not pay any consideration for the lot, nor did she testify as a witness. For all the record discloses she never claimed title to the real estate. It is not every resident freeholder that is qualified to sign a petition for a saloon license. The persons so authorized by statute are charged in a degree with a duty toward the

public. The signer is presumed to consult not only his individual inclination, but the rights and interests of third persons and of the general public in that community. We held in *Thompson v. Eagan*, 70 Neb. 169, that an infant could not sign such an application, and in *People v. Griesbach*, 211 Ill. 35, said case was approved. In *Doane v. Chicago City R. Co.*, 160 Ill. 22, it was held that abutting property owners who were paid to give their consent to the operation of a railway in the street adjacent to their property were incompetent to give that assent; that such owners occupied a position of trust toward the public; that sound public policy required them to exercise that trust with consideration for the public welfare, and that their interest, induced by the payment of money, disqualified them in that regard. In *Theurer v. People*, 211 Ill. 296, it was held that a lease for a building conditioned upon the lessee receiving a dram shop license disqualified the lessor from assenting to such license. Although the legislature has emancipated married women in many particulars, still there is, and from the nature of their relation must always be, a very considerable identity of interest between husband and wife regarding all the husband's business ventures. The wife in signing her husband's petition to engage in business would not consider public interests as against her husband's desire for gain and her desire for support for herself and family, nor could she be used as a witness against him. We are of opinion that Minnie Powell was disqualified to sign the petition under consideration.

3. Various witnesses testified to the respectable character and standing of the applicant. Counsel on cross-examination sought to prove by them that in 1906 and 1907 Powell as bartender had sold intoxicating liquors to an habitual drunkard. While a sale in 1906 might not have absolutely disqualified Powell from receiving a license in 1908, it was pertinent as tending to show that he was not of respectable character and standing. *Stockwell v. Brant*, 97 Ind. 474; *Hardesty v. Hine*, 135 Ind. 72; *Whissen v.*

*Furth,* 73 Ark. 366, 84 S. W. 500; *Watkins v. Grieser,* 11 Okla. 302, 66 Pac. 333. Learned counsel for the petitioner assert that, as no offer was made to prove, any error that was committed in refusing to permit the witness to answer was waived, and cite *Seele v. Phelps,* 81 Neb. 690. It will be noticed that in the cited case remonstrants' own witnesses were refused permission to give testimony on direct examination. The case is in harmony with the numerous decisions of this court. *Masters v. Marsh,* 19 Neb. 458; *Connelly v. Edgerton,* 22 Neb. 82; *Wittenberg v. Mollyneaux,* 60 Neb. 583. On cross-examination the rule is different, and to enforce the same rule as in the direct examination of a witness would often defeat the very end of cross-examination. *Burt v. State,* 23 Ohio St. 394; *Martin v. Elden,* 32 Ohio St. 282; *O'Donnell v. Segar,* 25 Mich. 367; *Harness v. State,* 57 Ind. 1; *Hyland v. Milner,* 99 Ind. 308; *Cunningham v. Austin N. W. R. Co.,* 88 Tex. 534, 31 S. W. 629. Although a court, and necessarily the village board, would have considerable discretion in limiting cross-examination, it was certainly error to exclude testimony which, if true, would destroy the conclusion of the witness that the applicant was of respectable character and standing. The case is within the reasoning in *Steinkraus v. Hurlbert,* 20 Neb. 519; *Hollembaek v. Drake,* 37 Neb. 680.

It is therefore recommended that the judgment of the district court be reversed, with directions to cancel the license issued by the village board.

FAWCETT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, with directions to cancel the license issued by the village board.

REVERSED.