EDWARD LAUX, APPELLEE, V. TELKO A. BATTERMAN, APPELLANT.

281 N. W. 799

FILED OCTOBER 21, 1938. No. 30401.

*Neighbors & Coulter,* for appellant.

*C. G. Perry* and *F. E. Williams, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

In this action, plaintiff alleged, in substance, that on De-

cember 11, 1934, defendant Batterman promised and agreed to loan to plaintiff $900; in consideration of which, plaintiff executed and delivered to defendant his promissory note for that amount, secured by a real estate mortgage. Plaintiff further alleged that it was also agreed that this loan should be paid to plaintiff in two instalments, as follows: $300 in cash, and the balance of $600 should be paid to plaintiff within one week thereafter; that the $600 was never paid to plaintiff by defendant, but the latter thereafter sold and negotiated the note and mortgage securing the same to a third person; that plaintiff was compelled to and did pay the third person the sum of $900 and interest thereon. Plaintiff brought this action to recover the $600 and interest, forming a part of the consideration of the $900 note which he never received, but was compelled to pay.

In his answer, defendant, in addition to a general denial, admitted the execution and delivery of the $900 note and mortgage by plaintiff to defendant, and that defendant paid plaintiff but $300 cash thereon; and further alleged that at the same time plaintiff was indebted to defendant in the sum of $619, and that, at the time of the making and delivery by plaintiff of the note of $900 and the real estate mortgage securing the same, "it was then agreed between said parties that the plaintiff should give the defendant his note for the sum of $900 and secure the same by a real estate mortgage, and the defendant would accept said note and mortgage in full settlement of said indebtedness," and as evidencing the $300 advanced by defendant to plaintiff at the time of the agreement to make the $900 loan. This plaintiff, by his reply, denied.

On trial to a jury, the verdict returned was in favor of plaintiff, fixing the amount of his recovery at "$600, plus interest," upon which judgment was entered by the trial court in favor of plaintiff and against defendant for "the sum of $600, and his costs." From the overruling of his motion for a new trial, the defendant appeals.

In his brief, appellant challenges the judgment appealed

from because of the alleged insufficiency of the evidence. The bill of exceptions discloses that plaintiff below testified positively that the purpose of the $900 loan was the purchase of the ranch on which he resided. The defendant below testified that the transaction involved the advance of but $300 in cash, and the securing by real estate mortgage of an additional sum of $600 then due from plaintiff to defendant. This evidence was positively denied by plaintiff, who also challenged the correctness and *bona fides* of the several items claimed by defendant as making up the $600 indebtedness. Without detailing the evidence which entered into the subject of previous and contemporaneous transactions between the parties, it may be said that it was thoroughly conflicting, and presented a strictly jury question. The jurors heard the evidence, observed the witnesses, and the testimony adduced by plaintiff (though denied by defendant), if believed, amply sustains their verdict. In this condition of the record, all questions of preponderance of the evidence are for the sole determination of the trial jury.

The controlling principle is, viz.: "The verdict of a jury in a law action, based on conflicting evidence, will not be disturbed on appeal unless clearly wrong." *Harrell v. People's City Mission Home,* 131 Neb. 138, 267 N. W. 344.

Appellant challenges the correctness of the fifth instruction given by the trial court on its own motion, for the reason that "there was a presumption of consideration in favor of the note in question, which presumption the appellee was required to overcome by preponderance of the evidence," and failure to instruct the jury on this point constitutes reversible error. It is to be noted that no instructions on this point were requested by defendant at the time of trial. In instruction No. 5, the trial court said, in part:

"That the burden of proof is upon the plaintiff, * * * and that the material allegations upon which he relies for a recovery in this case must be proved by him by a preponderance of the evidence; that said material allegations are: * * * 2. That as consideration for said note and mortgage,

the plaintiff was to receive from defendant the sum of $900, as alleged in plaintiff's petition. 3. That as consideration for said note and mortgage, the plaintiff received from defendant only the sum of $300. 4. That said note and mortgage dated December 11, 1934, in the principal sum of $900, has by the plaintiff been fully paid."

It is obvious that the instructions as given by the trial court fully state the law of this state on the point here raised, as determined in *Plaza Hotel Co. v. Hotel Stratton,* 132 Neb. 396, 272 N. W. 224.

As to the objection to the exclusion of defendant's testimony contained in his offer of proof, the record discloses that the question referred to in appellant's brief, and in reference to which his offer of evidence was made, arose on cross-examination. In this state, the established practice contemplates no offer of proof on cross-examination. *Powell v. Morrill,* 83 Neb. 119, 119 N. W. 9; *Larson v. Hafer,* 105 Neb. 257, 179 N. W. 1013.

The sole question which might have arisen was whether the ruling of the trial court on the question preceding the offer of proof amounted to a denial of the right of cross-examination. As this question was not presented and argued in appellant's brief, it will not be here considered.

It follows, therefore, that the record here presented supports the judgment of the trial court, and the same is

AFFIRMED.