W. H. DILLON ET AL. V. WILLIAM DARST.

FILED JUNE 3, 1896.   No. 6609.

Negotiable Instruments: CONSIDERATION: PLEADING: EVIDENCE. In a
suit upon a promissory note the answer of the defendants was a
general denial. *Held,* That the defense that the consideration for
the note was an illegal sale of intoxicating liquors made by the
payee to the maker was an affirmative defense, and could not be
proved under a general denial.

ERROR from the district court of Adams county.  Tried
below before BEALL, J.

*John C. Hartigan* and *M. A. Hartigan,* for plaintiffs in
error.

*Smith & McCreary, contra.*

RAGAN, C.

William Darst brought this suit to the district court
of Adams county against W. H. Dillon and N. S. Dillon.
Darst's suit was based on a promissory note made and
delivered to him, signed Dillon & Co., per W. H. Dillon.
Darst alleged in his petition that W. H. Dillon and N. S.
Dillon were partners doing business under the firm name
of Dillon & Co., and claimed a judgment against each one
of the defendants.  The answer of the Dillons was a
general denial of all the allegations in the petition.
Darst had a verdict and judgment against N. S. Dillon
only, to reverse which she prosecutes to this court a peti-
tion in error.

The uncontradicted evidence in the record is that N. S.
Dillon and W. H. Dillon were husband and wife; that N.
S. Dillon was engaged in running a hotel and keeping a
saloon in the city of Hastings, Nebraska, on her own ac-
count; that she did business under and by the name of
Dillon & Co.; that W. H. Dillon was her agent for the

transaction of her business; that the consideration for the note sued on was intoxicating liquors sold and delivered by Darst in Omaha, Nebraska, to N. S. Dillon, and that W. H. Dillon had authority, as his wife's agent, to purchase said liquors and execute and deliver the promissory note sued on in payment of the same. It further appears that the note was past due and wholly unpaid, but it did not appear from the evidence whether or not Darst, at the time he sold the intoxicating liquors for which the note in suit was given, had a license from the city authorities of the city of Omaha to sell malt, spirituous, and vinous liquors. At the close of the evidence N. S. Dillon requested the district court to instruct the jury as follows: "The court instructs the jury that if they find from the evidence that the consideration for the note upon which this action is based was intoxicating liquors sold by the plaintiff to defendants, or either of them, then the court instructs the jury that before the plaintiff can maintain or prosecute this action he must show that he had a regular license duly and properly issued by the city authorities of the city of Omaha. If this does not appear, the plaintiff cannot recover." The refusal of the district court to give this instruction is the sole point relied upon here for the reversal of the judgment. The petition alleged the execution and delivery of the note by the Dillons and that they were partners. The answer of the Dillons was a general denial. Under this state of the pleadings the simple inquiry was whether Darst proved what he alleged in his petition; and under those issues no evidence was relevant which did not tend to prove or disprove the facts stated in the petition. The consideration for the note neither tended to prove nor disprove the averments of the petition. (School District v. Shoemaker, 5 Neb., 36.) The fact that the consideration for the note was intoxicating liquors sold and delivered by Darst to the Dillons in violation of law was new matter constituting an affirmative defense and could not be proved under a general denial. The

court did not err in refusing to give the instruction. (*Atchison & N. R. Co. v. Washburn,* 5 Neb., 117.) The judgment of the district court is

AFFIRMED.