Paxton v. State.

---

WILLIAM A. PAXTON ET AL. V. STATE OF NEBRASKA.

FILED NOVEMBER 21, 1900.  No. 10,977.

1. **Pleadings as Evidence.** Pleadings may be introduced as evidence in actions other than those wherein they were filed, as admissions against interest. *Paxton v. State,* 59 Nebr., 460.

2. **Conflicting Evidence: DIRECTING VERDICT.** Conflicting evidence is for the jury to weigh, and when there is a conflict in evidence upon a material issue, it is error to direct a verdict for either party.

ERROR to the district court for Douglas county. Tried below before FAWCETT, J. Rehearing of case reported in 59 Nebr., 460. *Former judgment of reversal sustained.*

*John C. Cowin, Frank T. Ransom, Robert Ryan, Frank Irvine* and *E. E. Brown,* for plaintiffs in error.

*Constantine J. Smyth, Attorney General, Willis D. Oldham, Deputy, Ed. P. Smith, James Manahan* and *E. M. Bartlett, contra.*

NORVAL, C. J.

At a former term an opinion prepared by Judge SULLIVAN was filed announcing the reversal of the judgment of the district court. 59 Nebr., 460. On application of the attorney general a rehearing was granted, and the cause has been again submitted for our consideration. The reversal was predicated on the sole ground that the

trial court committed an error in directing a verdict for the state for the full amount of its claim. It is with this ruling alone that we shall now deal. It will be remembered that the action was on the official bond of Bartley for his second term as state treasurer. The attorney general, for and on behalf of the state, instituted another action in the district court of Lancaster county to recover on the bond of Bartley given for his first official term. The state, in the cause now before us, contends that the moneys in controversy herein were embezzled by Bartley during his second or last term, and introduced evidence in support thereof, including the books in the state treasurer's office which purport to state the amount of public moneys with which Bartley was chargeable at the close of his first term. The state relied, in part at least, upon the balance so shown on that date, together with the amount of receipts and subsequent disbursements of the office, to establish that the defalcation occurred during the term for which the bond in suit was given. On the other hand, the defendants, as tending to prove that a part of the money in suit was embezzled by Bartley under his first term, and for which the second set of sureties are not liable, introduced in evidence a transcript of the record of the district court of Lancaster county disclosing the institution and pendency of the action of the state against Bartley and his first term bondsmen for an alleged shortage of over $300,000. That action was instituted by the attorney general under the directions of the governor, and the petition was verified by the attorney general. This was an admission by the state that, as to the amount of public moneys claimed in the petition filed in Lancaser county district court, Bartley had embezzled during his first term, and that a right of action existed in that regard in favor of the state against his first term bondsmen. With the proofs before the court, the admission of the transcript of the record of the district court of Lancaster county was evidence tending to show that a part of the money sought to be re-

covered in the case at bar was not embezzled during Bartley's second term; hence the district court erred in directing the jury to return a verdict for the state for the full amount claimed in the petition in this cause. There is no escaping this conclusion. The judgment of reversal is adhered to.

REVERSED.

HOLCOMB, J., took no part in the above opinion.