CITIZENS BANK OF MCCOOK, APPELLEE, V. J. H. WARFIELD ET AL., APPELLANTS.

FILED NOVEMBER 9, 1909. No. 15,795.

1. Cross-examination must be confined to the facts and circumstances connected with the matters stated by the witness in his direct examination, and to questions tending to affect his accuracy, veracity, or credibility.

2. Appeal: EVIDENCE: DISCRETION OF COURT. The reception of evidence collateral to the main issue which may throw some light upon facts in dispute is ordinarily within the sound legal discretion of the trial court, and unless prejudice appears it, is no ground for reversal.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Affirmed.*

*S. R. Smith,* for appellants.

*Morlan, Ritchie & Wolff, contra.*

LETTON, J.

This action was brought by the Citizens Bank of Mc-Cook against J. H. Warfield and A. D. Warfield to recover a balance due upon their promissory note for $220. The defense was a denial of the execution and delivery of the note. The case was tried to a jury, which returned a verdict for the plaintiff, and defendants have appealed.

Defendants insist that the verdict is not supported by the evidence, which they contend decidedly preponderates in their favor. A reading of the record does not produce this impression upon the mind of the court. The evidence is conflicting, but, if the case were submitted to us for decision upon the facts, we would be compelled to agree with the jury and to find that the note was executed and delivered by them.

Defendants further complain of errors in the exclusion by the court of certain testimony sought to be drawn out upon the cross-examination of Mr. Franklin, the president of the bank, who had testified that he was present at the time the note was signed and that he saw each defendant sign it. These questions had reference to the manner in which the amount of the note was arrived at, whether there were other notes against Mr. Warfield in the bank at that time, and the time when the note of which this is a renewal was purchased from the original owner. The direct examination of the witness had been confined to proof of the only fact denied by the answer, which was the execution and delivery of the note. None of the points covered by the excluded questions were relevant to the direct examination of Mr. Franklin, and they were not proper cross-examination. The consideration for the note was not material under the issues, and, hence, this evidence was neither relevant to the issue nor proper cross-

examination. *Dillon v. Darst,* 48 Neb. 803. Further than this, the witness was allowed to testify on cross-examination that the note was given to take up a prior note that the defendants had signed and given to one Penny, and that it was a renewal of that note and others.

Defendants also complain of the admission in evidence of their original answer in the county court, which was a plea of payment. We think there was no error in this, as it tended to show the defendants' belief at the time it was filed. They further complain of the refusal of the court to permit the introduction in evidence on their behalf of the entire transcript of the proceedings in the county court, which showed that an amended answer was filed changing the issue from that of payment to a denial of the execution and delivery of the note. We think the entire record was properly excluded. It contained much matter which was entirely immaterial and which might have been seriously prejudicial to the plaintiff. Defendants afterwards offered, and were permitted to introduce, in evidence the amended answer in the county court, so that the fact that a change of issues had been made was before the jury. If any explanation of the reason for the change was desired, it might have been offered by the defendants.

One Lehn was permitted to testify to the fact of picking up a note for $200 upon the streets of McCook, which was signed by J. H. Warfield, payable to the Citizens Bank, and giving it to Mr. Warfield. It is insisted that this evidence was not proper rebuttal, had no bearing upon the issues, and tended to confuse the minds of the jury. Upon the cross-examination of J. H. Warfield, he gave in detail his recollection of the various promissory notes that he had given to J. R. Penny and to the Citizens Bank, his renewals of the same and sundry payments thereon. The fact of this $200 note being in existence, and in defendants' possession, while collateral, was not entirely irrelevant, and we think it was within the sound legal discretion of the court whether it should be admitted in evidence or not. It certainly had some bearing as to the

credibility of Warfield's testimony upon cross-examination, and also might throw some light upon his accuracy of memory in regard to his promissory notes. We cannot see that it prejudiced the defendants. We find no prejudicial error in the record.

The judgment of the district court is

AFFIRMED.