Larson v. Hafer.

---

EDA MAY LARSON, APPELLEE, v. DAVID HAFER, APPELLANT.

FILED NOVEMBER 10, 1920.   No. 21116.

1. **Witnesses:** CROSS-EXAMINATION. When testimony is given by a witness on direct examination, from which an inference of fact arises favorable to the party producing him, anything within the knowledge of the witness tending to rebut that inference is admissible on cross-examination, and the opposing party is entitled to pursue that line of cross-examination as a matter of right.

Larson v. Hafer.

2. **Appeal:** Denial of Cross-Examination. A denial of that right
of cross-examination, when the ruling is prejudicial, is sufficient
ground for reversal.

Appeal from the district court for Hamilton county:
George F. Corcoran, Judge. *Reversed.*

*Charles L. Whitney* and *J. L. Cleary,* for appellant.

*Hainer, Craft & Edgerton* and *C. C. Fraizer, contra.*

Flansburg, J.

Action for damages for personal injuries sustained by
plaintiff from an assault and battery, committed upon her
by the defendant. Plaintiff recovered judgment, and de-
fendant appeals.

Plaintiff's testimony shows that she was a married
woman, and was assaulted with a hammer and severely
beaten by the defendant; that as a result she was bruised
and injured in the chest, back, and arms, and, being preg-
nant at the time, was caused to have a miscarriage.

Aside from the objection as to the sufficiency of the
evidence, and that the amount of the jury's verdict is ex-
cessive, upon which questions we would, in this case, follow
the judgment of the lower court, the only error complained
of is the denial of the right of the defendant to cross-ex-
amine one of plaintiff's witnesses in certain particulars.

Plaintiff testified that about two weeks before the as-
sault she had a menstrual period; that immediately after
the assault she began flowing; that after three or four
days she passed a well-formed foetus, and that for several
days afterward she continued to lose blood. She testified
that she had suffered a miscarriage once before, and,
through that experience, was able to diagnose her condi-
tion and trouble at the time in question.

After the assault, and during the time she was confined
to her bed Doctor Steenberg acted as her attending physi-
cian, and called upon her on six or eight different occa-
sions. He was called as a witness for plaintiff, and de-
scribed her bruises, and testified that he had examined her,
and that she was flowing blood, but gave no further testi-

mony, except, upon cross-examination, he stated that he had prescribed medicine to stop the flow.

The defendant on cross-examination sought to bring out what this doctor knew as to whether or not a miscarriage had actually taken place, but was not allowed to proceed along that line. An objection to defendant's question, which called upon the doctor to state whether he had made an examination to determine whether or not there had been a miscarriage, was sustained.

A very substantial element of damages in this case was based upon the claim that defendant had so injured plaintiff as to cause a miscarriage. In the light of the testimony plaintiff herself had given, the testimony elicited from Doctor Steenberg, that plaintiff was suffering from an unnatural flow of blood at a time other than her menstrual period, could not have been offered, nor could the effect be other than to produce upon the minds of the jury an impression, and give rise to a reasonable inference, that a miscarriage might probably have been suffered by her.

A party cannot be allowed to deduce only such facts from a witness as will create an inference favorable to him, and then prevent a cross-examination and full disclosure as to the knowledge of such witness, when such disclosure would tend to rebut the inference created. *State v. Harvey,* 130 Ia. 394; *Gjurich v. Fieg,* 164 Cal. 429; *Meyer v. United States,* 220 Fed. 822; *Kramer v. State,* 16 Ala. App. 456; 40 Cyc. 2493. Though cross-examination is to be restricted to the subject-matter of the examination in chief, that does not mean that it must be confined to the questions asked upon direct examination. *Zelenka v. Union Stock Yards Co.,* 82 Neb. 511. The testimony of Doctor Steenberg bore upon the question of miscarriage. It was offered for the purpose of adding to the testimony, theretofore given, that a miscarriage had taken place. Surely the plaintiff cannot be allowed to benefit by so much of the testimony of this witness, when the value of that testimony might be weakened or destroyed

by a full disclosure of the doctor's knowledge on the subject. The rule is stated in Jones on Evidence (2d ed.) sec. 821: "Although the court may exercise a reasonable discretion in regulating or limiting the cross-examination yet it is clearly *error to exclude cross-examination upon subjects included in the examination in chief,* where such ruling is prejudicial. So far as such cross-examination of a witness relates either to facts in issue or facts relevant to the issue, it may be pursued by counsel as a matter of right."

For some reason, the testimony of the doctor was limited in his direct examination. It was not incumbent upon the defendant, when denied the right of cross-examination, to make an offer to prove by this witness what he believed the witness would testify. *Powell v. Morrill,* 83 Neb. 119. The full knowledge of the witness, as to the matter inquired about, we think was clearly competent and proper to bring out upon cross-examination by the defendant. The matter inquired about was of vital importance upon the question of damages, and the denial to the defendant of the right to cross-examine, we believe, entitled him to a new trial. See cases cited in note, 25 L. R. A. n. s. 683 (*Prout v. Bernards Land & Sand Co.,* 77 N. J. Law, 719).

For the reasons given, the judgment of the lower court is reversed and the cause remanded for further proceedings.

REVERSED.

Day, J., not sitting.