HAROLD F. ANSNES, APPELLEE, V. LOYAL PROTECTIVE INSURANCE COMPANY, APPELLANT.

276 N. W. 397

FILED DECEMBER 15, 1937.  No. 30098.

*Shull & Stilwell* and *Sidney T. Frum,* for appellant.

*Bliven & McKinley* and *S. W. McKinley, Jr., contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and KROGER, District Judge.

KROGER, District Judge.

This is an appeal by the defendant from a judgment in favor of plaintiff on a health and accident insurance policy.

The defense interposed was a denial of liability on the ground that the plaintiff, in the written application for the insurance, made certain false statements regarding his previous health and concealed and suppressed facts regarding his then state of health, which information was material to the risk, and that had plaintiff truthfully stated the facts regarding his previous condition of health and his then condition, a policy would not have been issued.

The application for the insurance was made on June 19, 1933, and plaintiff testified that he became disabled on July 14, 1934, and that his disability has continued since that time.  He described with considerable detail his physical condition, and called as a medical witness one Dr. Neil, who stated that plaintiff became his patient

on July 14, 1934, and testified fully as to plaintiff's physical condition at the time he first examined him and on subsequent dates.

The defendant produced as a witness one Dr. Legg and attempted to show by this witness that in 1931 and in 1932 and again in February, 1933, the witness had treated the plaintiff for pneumonia and that in February, 1933, advised plaintiff that he was suffering from endocarditis. This testimony was objected to by the plaintiff as being privileged under section 20-1206, Comp. St. 1929; the objection was sustained, and this ruling of the trial court is the principal error relied upon by appellant.

Section 20-1206, Comp. St. 1929, provides: "No practicing * * * physician * * * shall be allowed in giving testimony to disclose any confidential communication, properly entrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice."

Section 20-1207, Comp. St. 1929, however, provides: "The prohibitions of the preceding sections do not apply to cases where the party in whose favor the respective provisions are enacted, waives the rights thereby conferred; and if a party to any action * * * shall offer evidence with reference to his physical or mental condition, or the alleged cause thereof, * * * the right conferred by section * * * 20-1206 shall be deemed to have been waived as to any physician or surgeon who shall have attended said party."

Appellee contends that the waiver contemplated by section 20-1207 applies only to any physician who might have examined him since the time the disability in controversy began, and that since plaintiff and his physician fixed the beginning of disability as of July 14, 1934, and their testimony as to his physical condition was confined to that date and times subsequent thereto, there was no waiver of privilege as to any physician who might have examined him before that date. The difficulty with that line of reasoning is that section 20-1207 makes no such

distinction and the courts are not inclined to read into a statute exceptions that the legislature has not seen fit to make. The purpose of the enactment making disclosures by a patient to his physician confidential was to encourage the patient to more freely disclose his ailments in the knowledge that such information could not be divulged to his humiliation or disgrace. Where the patient himself makes a disclosure of his condition, there can be no further humiliation or disgrace in showing that such condition existed over a longer period of time than the patient in his disclosure might indicate. Such was the purpose of the testimony offered by the defendant in this case and the evidence was material to the issues and should have been received. The statute was never intended as a cloak for injustice or fraud and to give it the construction contended for by appellee would, in many instances, lead to just that result.

The identical question was before this court in the case of *Friesen v. Reimer*, 124 Neb. 620, 247 N. W. 561, where it was held that, if a plaintiff in a suit for personal injuries testifies with reference to her physical condition, she will be deemed to have waived her right of privilege.

Appellee attempts to distinguish *Friesen v. Reimer, supra*, from the case at bar because in that case the physician had examined the patient after the accident for which plaintiff was then seeking to recover damages. However, the physician was permitted to testify as to plaintiff's condition as it existed for several years prior to the accident in controversy and the holding was that in this there was no error.

We conclude that the trial court erred in rejecting the testimony of defendant's medical witness.

Another error assigned by appellant and discussed in the brief was that the court erred in giving instruction No. 8, in that in said instruction the court assumed the existence of certain facts concerning which there was no testimony. There is merit in the criticism of this instruction, but in view of the fact that a retrial of this

case is necessary and the error will not likely occur again, no further discussion is deemed necessary.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.

REVERSED.