HARVEY R. ZIMMERMAN, APPELLANT, V. CLIFFORD LINDBLAD, APPELLEE.

48 N. W. 2d 415

Filed June 14, 1951. No. 32977.

*Hubka & Hubka,* for appellant.

*Hevelone & McCown,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries by Harvey R. Zimmerman, plaintiff and appellant, against Clifford Lindblad, defendant and appellee, claimed to have been sustained as the result of plaintiff being struck by an automobile owned and operated by the defendant about 11 p. m., September 3, 1947, in one of the public streets of Beatrice, Nebraska.

In the light of the limits of the assignments of error no detailed statement of the facts on which the action is based is required. The assignments of error are all predicated upon errors of law occurring at the trial. They relate solely to claimed errors in the admission of evidence.

The record discloses that on August 19, 1947, the plaintiff, while working for Walco Engineering and Construction Company, fell from a scaffold and was injured. The injury described was a fracture of the greater tuberosity of the left shoulder bone. "Greater tuberosity" was described as a little button in the left shoulder bone.

For treatment of this injury he was under the care of a physician on September 3, 1947. The plaintiff claims that on September 3, 1947, he was struck by the automobile of the defendant and that the injury sustained on August 19, 1947, was aggravated and he was otherwise injured. The action here is for damages for this aggravation and the additional injuries.

The action was tried to a jury and a verdict was returned in favor of plaintiff for $250. The plaintiff filed

a motion for new trial which was overruled whereupon judgment was entered on the verdict. From this judgment and the order overruling the motion for new trial the plaintiff has appealed.

On account of the accident of August 19, 1947, the plaintiff instituted action against Walco Engineering and Construction Company, his employer, and Standard Accident Insurance Company, the employer's workmen's compensation insurance carrier, to recover compensation under the Workmen's Compensation Act. In that action he obtained an award whereby he recovered for 24 weeks and 3 days temporary total disability and thereafter 15 percent permanent partial disability.

On cross-examination in this case the plaintiff was required to answer questions which elicited this information. For his first assignment the plaintiff urges that this was error. The theory of the assignment is that this inquiry was beyond and outside the circumstances stated in direct examination.

By the petition of plaintiff and the further pleadings in the case the question of whether the injuries for which plaintiff seeks recovery in this action were sustained in the accident of August 19, 1947, or the one of September 3, 1947, became a question for consideration and determination.

In the petition the plaintiff gave information as to the accident and injuries sustained on August 19. The defendant charged affirmatively in his answer that the injuries for which this action was instituted grew out of that accident. This was by reply denied. Thus it becomes clear that this was an issuable matter.

The general rule is that a party has no right to cross-examine a witness except as to facts and circumstances connected with matters testified about on his direct examination. Atwood v. Marshall, 52 Neb. 173, 71 N. W. 1064. However within the meaning of this rule cross-examination is proper as to anything tending to affect the accuracy, veracity, or credibility of the witness.

Citizens Bank of McCook v. Warfield, 85 Neb. 328, 123 N. W. 315. Also where testimony is given by a witness on direct examination, from which an inference of fact arises favorable to the party producing him, anything within the knowledge of the witness tending to rebut that inference is admissible on cross-examination, and the opposing party is entitled to pursue that line of cross-examination as a matter of right. Larson v. Hafer, 105 Neb. 257, 179 N. W. 1013. Again, anything within the knowledge of a witness tending to rebut evidence given on direct examination is admissible as a matter of right on cross-examination. Blue Valley State Bank v. Milburn, 116 Neb. 131, 216 N. W. 299.

Under these rules this cross-examination was clearly proper. The information elicited showed that the plaintiff claimed total disability in the workmen's compensation court, had a trial on the issue, and obtained a favorable adjudication and award which award he accepted for a portion of the time for which he seeks to recover damages for disability in this action. The inquiry provided a test of the veracity and credibility of the plaintiff as a witness. It was with regard to testimony given on direct examination from which an inference of fact arose favorable to him. It was in rebuttal of evidence given by him on direct examination. This cross-examination was not erroneously permitted.

Assignments of error Nos. 2 and 3 are that the court erred in admitting in evidence that part of the award in the workmen's compensation case hereinbefore referred to setting forth the disability of plaintiff and the amount of the adjudication in his favor, and in admitting the record showing receipt and satisfaction of the award by plaintiff.

The brief contains no statement of valid reason why this evidence was not admissible. There is no contention that the information thus conveyed to the jury was not correct. In truth in his own oral evidence the plaintiff

testified to the correctness of the information. Certainly this evidence was material and relevant.

The plaintiff having recovered judgment for total disability, rules of law will not allow evidence of that fact to be suppressed to the end that he might be permitted to recover against another for total disability growing out of another accident for a portion of the same period of time. There was no error in the admission of this evidence.

The court admitted in evidence in the form of exhibits a part of the answer filed by the defendants in the workmen's compensation case and a portion of the reply thereto by the plaintiff. This is the basis of the 4th and 5th assignments of error. The substance of the portion of the answer admitted was an allegation that the plaintiff was after August 19, 1947, struck by an automobile (the occurrence which is the basis of this action) and that thereby he suffered increased disability in his left arm and shoulder. This allegation was denied by the admitted portion of the reply. The authenticity of the exhibits was admitted by stipulation of the attorney for the plaintiff.

These exhibits taken together amounted to a voluntary admission or declaration of the plaintiff contrary to the issue and theory on which the present cause of action was presented for consideration and determination. These exhibits were admissible under the rule that pleadings may be received in evidence in suits other than those in which they were filed as admissions or declarations against interest. Paxton v. State, 59 Neb. 460, 81 N. W. 383, 80 Am. S. R. 689, on rehearing, 60 Neb. 763, 84 N. W. 254.

The remaining assignment is that the court erred in allowing witnesses to testify that they detected the odor of alcoholic liquor on the breath of the plaintiff. This assignment requires consideration no further than to say that if it was error it was without prejudice. The plaintiff himself testified that he had been drinking

beer. The effect of the testimony of these two witnesses was to say only that they detected the odor of the beer which plaintiff testified that he had consumed.

The judgment of the district court is affirmed.

AFFIRMED.