ELLIS WARREN, APPELLANT, V. OLLIE BOSTOCK, APPELLEE.
102 N. W. 2d 55

Filed April 1, 1960. No. 34742.

*Conway & Irons* and *John N. Marvel,* for appellant.

*Stiner & Boslaugh,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

The plaintiff commenced this action to recover damages sustained to his person in an automobile accident. The defendant denied negligence on his part and asserted that the accident was the result of negligence on the part of plaintiff. Defendant counterclaimed for the damages sustained by his vehicle. The jury returned a verdict for the plaintiff in the amount of $1,375. Defendant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. The trial court sustained defendant's motion for judgment notwithstanding the verdict and dismissed plaintiff's petition and defendant's counterclaim. The plaintiff has appealed.

The accident occurred 2 miles south of Ayr on U. S. Highway No. 281, a short distance south of an intersection with a county road. U. S. Highway No. 281 is described as a paved black-top road, the pavement being 24 feet wide with a white stripe down the center. The pavement was dry and visibility was good. The area around the intersection was level. There was no other traffic in view on either road at the time of, or immediately before, the accident.

The plaintiff and defendant were both proceeding north towards the intersection on U. S. Highway No. 281 immediately before the collision. The plaintiff testified that he was driving north at a speed of 60 miles an hour. At a point about 400 feet south of the intersection he observed defendant's pick-up truck proceeding north at a point about 300 feet south of the intersection at the approximate speed of 30 miles an hour. Plaintiff stated that he reduced his speed to 55 miles an hour as he neared defendant's truck. Plaintiff stated that at a point 120 feet south of the intersection he turned into the left or west lane of the highway for the purpose of passing the defendant's truck. He gave no warning of his intention to pass. Plaintiff testified that when he was between 70 and 100 feet from defendant's truck the defendant turned his truck to the left across the center line into the path of plaintiff's station wagon. He applied his brakes, leaving skid marks on the pavement for 115 feet, but was unable to avoid a collision. The impact of the 2 vehicles occurred approximately 30 feet south of the intersection. The skid marks showed the right rear wheel of plaintiff's station wagon was 2 feet to the left of the center line. The front of plaintiff's station wagon struck the rear of defendant's truck. After the collision both vehicles were 148 feet north of the intersection, one on the west side of the road, the other on the east.

The defendant testified that his truck was on the right side of the center line of the road at all times

prior to the collision. He states that he did not look for, see, or hear the approach of plaintiff's station wagon from the rear. The defendant said that he gave no signal of any intent to turn left across the center line of the highway.

The plaintiff alleged that defendant was negligent in failing to keep a proper lookout, by driving on the left side of the highway, and by failure to signal his intention to leave the right lane of traffic. The defendant alleged plaintiff was negligent in attempting to pass without allowing a safe distance between his vehicle and that of defendant, in failing to drive on the right half of the highway while crossing an intersection, in failing to maintain proper control of his station wagon, in failing to keep a proper lookout, in driving at an excessive speed under the circumstances, and in failing to decrease his speed in approaching an intersection. The trial court instructed the jury on the applicable statutory rules of the road and it is not contended that the instructions were erroneous in any respect. The sole issue is whether or not the trial court erred in holding that plaintiff was guilty of negligence as a matter of law sufficient to bar a recovery by him.

This court has consistently held that a violation of a statutory rule of the road is not negligence per se, but evidence of negligence only, which may be considered with all the facts and circumstances in determining whether or not a party was negligent. Roby v. Auker, 149 Neb. 734, 32 N. W. 2d 491; Armer v. Omaha & C. B. St. Ry. Co., 151 Neb. 431, 37 N. W. 2d 607. It is the rule also that in considering a motion for judgment notwithstanding the verdict the evidence should be construed in the light most favorable to the party against whom the motion is made.

There is evidence in the present case which would sustain a finding of statutory violations of the rules of the road by both parties to the action. But such violations are evidence of negligence only which the jury

may consider in determining whose negligence, if any, was the proximate cause of the accident. The jury evidently found in the instant case that the proximate cause of the accident was not plaintiff's speed, his attempt to pass by turning to the left side of the highway, in failing to sound a warning, nor in failing to keep a proper lookout. It is just as evident that the jury did find that the proximate cause of the accident was the act of defendant in turning his vehicle into the left lane in front of plaintiff's oncoming station wagon without giving any warning of his intention to do so. The evidence was sufficient to sustain such a finding by the jury. Such being the case, the conclusion reached by the jury was within its province, and not a question of law for the court.

The defendant contends that plaintiff in attempting to pass the defendant's truck was negligent in that he was traveling at an excessive speed. We find no evidence in the record that would indicate that the speed of plaintiff's car was a proximate cause of the accident as a matter of law. See Herman v. Firestine, 146 Neb. 730, 21 N. W. 2d 444. Defendant contends also that plaintiff was negligent in not being able to stop his vehicle before striking an object within the range of his vision. This rule, recognized in certain situations, has no application to an operator of a vehicle who undertakes to pass another. The very nature of the movement contemplates the one engaged in passing another vehicle will travel at a greater speed than the vehicle being passed. The application of the rule to one engaged in passing another vehicle would effectively prevent passing other vehicles on a highway without being subject to a charge of negligence as a matter of law. Defendant contends further that plaintiff did not have reasonable control of his station wagon. There is no evidence on this point. The defendant testified that he did not see the plaintiff or his vehicle until after the collision. We have said that the control that is re-

quired of a motorist is such as will prevent the collision with another vehicle not being operated negligently. Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482. Defendant further contends that plaintiff was negligent in attempting to pass defendant's truck at an intersection. Whether or not the statute prohibiting passing at intersections was violated, we do not here determine. There is no evidence to show that such violation, if there was one, proximately contributed to the accident as a matter of law. It is asserted by defendant that plaintiff was negligent in not warning of his intention to pass by sounding his horn. The duty to sound a warning is not an absolute one. Such duty depends largely on the circumstances of the particular case, and whether or not one is negligent in failing to sound a warning before attempting to pass is ordinarily a question for the jury. Adams v. Welliver, 155 Neb. 331, 51 N. W. 2d 739; Tews v. Bamrick, 148 Neb. 59, 26 N. W. 2d 499.

On the other hand, there is evidence that the defendant turned without warning from the right side of the highway across the center line onto the left side into the path of plaintiff's oncoming station wagon. The jury could properly find under this evidence, as it did, that the defendant was negligent in so doing and that such negligence was the proximate cause of the accident.

Actionable negligence exists when the injury or the loss is the proximate result thereof. The proximate result must be the natural and probable consequence which ought to have been foreseen or reasonably anticipated in the light of the attendant circumstances. An injury is not actionable if it would not have resulted from the alleged negligence but for the interposition of a new and independent cause. Proximate cause, as used in the law of negligence, is that cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and with-

out which the injury would not have occurred. Coyle v. Stopak, 165 Neb. 594, 86 N. W. 2d 758.

It is fundamental, of course, that where the evidence is in conflict as to what negligence, if any, constituted the proximate cause of the injury without which no injury would have occurred, the question is one for the jury to determine. The jury having returned a verdict for the plaintiff which is sustained by the evidence, the trial court was in error in sustaining a motion for judgment notwithstanding the verdict. The judgment of the district court is reversed and the cause remanded with directions to reinstate plaintiff's verdict and enter judgment thereon.

REVERSED AND REMANDED.