DORLIN E. LOCKMON, APPELLANT, v. STEPHEN A. REED, APPELLEE.

104 N. W. 2d 269

Filed July 15, 1960. No. 34782.

*Bernard A. Ptak,* for appellant.

*Daniel D. Jewell,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for personal injuries and property damage resulting from the collision of two motor vehicles. The jury returned a verdict for the defendant on plaintiff's petition and for the plaintiff on defendant's cross-petition. The plaintiff has appealed.

The plaintiff's evidence shows that on July 17, 1954, at 6 p.m., he was driving east on U. S. Highway No. 275, an east-west road between Tilden and Norfolk. The highway was an oil-mat surfaced road about 21 feet wide. The day was clear and the road was dry. The accident occurred about 1½ miles west of the Battle Creek spur, at which point the road was straight and level with good visibility for 2 miles east and west of the point of the accident. Plaintiff testified that he was driving east on the right-hand side of the road at a speed of 60 miles an hour when he observed defendant's truck proceeding east ahead of him. The truck was towing a two-wheel trailer on which was mounted a tar pot used in heating asphalt for use in roof repairing. When he was 200 or 250 yards from the truck he pulled to his left and looked for oncoming traffic. Seeing no oncoming traffic he pulled into the north lane to pass, at which time he observed that the truck was slowing down. When he was 200 feet west of the truck he let up on the accelerator and applied his brakes. The truck at that time made a left turn across the highway for the purpose of entering a private lane going north. He testified that he collided with the left rear wheels and truck box of the truck, suffering the damages of which he complains.

Plaintiff testified that he sounded his horn before

starting to pass, in accordance with his custom, although he has no recollection of doing so. He said he saw no signal for a left turn by the driver of the truck. He testified that the accident occurred on the north half of the highway and that he left tire marks on the pavement for 150 feet preceding the point of collision.

Defendant's evidence is that he was the owner of the truck which he used in his roofing business. It was being driven by Paul Zimmerman at the time of the accident. William Viergutz and Gerald Fix were riding in the truck with Zimmerman. Viergutz sat on the right side of the seat and Fix was in the middle. All were employees of the defendant whose place of business was in Norfolk.

The occupants of the truck testified that they had been doing roof repairing in Tilden on the day of the accident. On their way home they were to repair a cabin roof a short distance north on the private road they were entering at the time of the accident. The evidence shows that prior to the accident they were driving east on the highway at 45 miles an hour. The driver of the truck observed the private lane when he was one-fourth mile west of its entrance. There was no rear view mirror on the truck and vision to the rear through the glass in the back of the cab was obstructed by materials being carried in the truck. At a point 300 to 400 feet west of the entrance to the lane Viergutz got out on the running board of the truck, looked to the rear, and reported the "coast was clear" to the driver. When the truck was 100 feet west of the entrance to the lane, Viergutz again got out on the running board and looked to the rear. He again reported to the driver that the "coast was clear." The driver of the truck testified that he gave a hand-and-arm left-turn signal at a distance of 150 feet from the entrance to the lane. He testified that he slowed the truck to 10 or 15 miles an hour before making the turn and was moving at 5 miles an hour when the collision occurred. The witness Fix

testified that he saw Zimmerman give the left-turn signal.

The three occupants of the truck testified that they did not see plaintiff's car prior to the collision and that they heard no horn signal of plaintiff's intention to pass.

The evidence further shows that the body of the truck extended 10 to 18 inches beyond the cab. It shows also that the truck was pushed 9 feet to the northeast by the force of the impact. The state patrolman who investigated the accident testified that plaintiff told him he was driving 65 miles an hour when the accident occurred. The patrolman also testified that the tire marks on the pavement made by plaintiff's car indicated that 2 wheels were braking for the first 50 feet and that all 4 wheels left their marks on the pavement for the last 100 feet. It was on this statement of facts that the jury returned a verdict against both parties to the action.

The plaintiff makes the following assignments of error: (1) The court erred in refusing to direct a verdict against the defendant on his cross-petition, and (2) the court erred in giving instructions Nos. 4, 9, 13, 16, 17, and 18.

On the first assignment the plaintiff contends that where speed was not a factor in or a contributing cause of the accident it is neither contributory negligence nor a proximate cause of the accident. As a general proposition of law we find no fault with this statement of the law but it has no application here. The evidence shows that plaintiff observed the truck slowing down for some distance before the left turn was made. There is no satisfactory evidence that he sounded a warning of his intention to pass. There is evidence that he was exceeding the statutory speed limit of 60 miles an hour. It was clearly a question for the jury to determine whether or not the plaintiff exercised due care under all the facts and circumstances shown.

Plaintiff asserts that a directed verdict should have

been granted against the defendant on his cross-petition on the authority of Kruger v. Ervin Clark Constr. Co., 166 Neb. 252, 88 N. W. 2d 778, and Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355. The effect of these holdings is that the giving of a statutory signal for a left turn will not absolve the driver from negligence where he fails to exercise care for his own safety, and that of others, by looking to the front and rear for the approach of other vehicles using the highway. The evidence in the present case which the jury could properly consider shows that the driver of the truck did more than give a hand-and-arm signal of his intention to turn left. The occupants of the truck testified to the fact that Viergutz twice got out on the running board and looked to the rear for approaching vehicles at appropriate times. Both times he reported to the driver that it was safe to make the contemplated left turn. Whether or not defendant's driver was negligent under such circumstances is clearly a jury question to be determined from all the facts and circumstances. The trial court was clearly correct in submitting the issues of negligence and contributory negligence to the jury.

The plaintiff complains of the giving of the instructions hereinbefore specified. These instructions had to do with the submission of the issues presented by defendant's cross-petition and the submission of the contributory negligence of the plaintiff to the jury, and, necessarily, the submission of the comparative negligence rule. We have examined these instructions and they are in all respects correct. It seems to be the contention of the plaintiff that they were erroneously given because the defendant's driver was guilty of negligence as a matter of law. But having determined this question adversely to plaintiff on the motion for a directed verdict, the instructions were necessary and proper under the issues presented. In other words, the validity of all the assignments of error were dependent upon a holding that plaintiff's motion for a directed verdict on de-

fendant's cross-petition was erroneously overruled. Our determination of that issue adversely to the plaintiff disposes of the appeal under the assignments of error made.

We find the record to be free from error and the judgment of the district court is affirmed.

AFFIRMED.