PICKERING *v.* CONTINENTAL SOUTHERN LINES, INC., et al.

No. 43148          October 19, 1964          168 So. 2d 43

*Allred* & *Adams,* Collins, for appellant.

*Roger C. Landrum,* Jackson; *John D. Kervin, Jr., John K. Keyes,* Collins, for appellees.

Lee, C. J.

This was a suit by Mrs. Elvira Pickering against Continental Southern Lines and its driver, Richard M. Calhoun, to recover damages for personal injuries, allegedly sustained by her as a result of negligence of the defendants in the operation of a bus. Issue was properly joined and the jury found for the defendants.

Mrs. Pickering testified that, on August 22, 1961, she was one of a group of members of the Mississippi Demonstration Council, which had chartered a bus of the defendant company for a trip throughout parts of the United States and Canada. The ladies had been instructed to bring their lunches for the noonday meal. Near Russell, Mississippi, while standing in the aisle of the bus, about 11:30 A.M. for the purpose of securing her lunch from an overhead rack, she said that the brakes

were suddenly slammed on and the bus pitched and lurched, causing her to be thrown against the seats and into the aisle, thereby producing the injuries for which she sued. She said that she made complaint to the woman in charge of the group, but it was not shown that she made any complaint to any representative of the bus company. Several witnesses testified that they saw her fall, but that she got up without assistance. Besides, she continued the trip and, on the tours, walked like the other passengers, and received no medical treatment during the entire trip.

Richard M. Calhoun, the driver of this bus, called as an adverse witness, said that he had driven on this particular highway, being U. S. 80, eight or ten times each year for the past ten years. The bus, about 150 feet behind a van or truck and trailer combination, was traveling about 40 to 45 miles per hour. The van began to slow down and the speed of the bus was reduced accordingly, and was proceeding at 5 to 10 miles per hour as the bus passed under the traffic light. He did not recall seeing the road sign, west of the stop light. The van prevented his seeing the stop light itself.

The evidence for the defendants was to the effect that the application of the brakes was the usual and ordinary effort to slow down and stop; that there was no violent lurch of any kind, but that the speed was gradually reduced in accordance with the reduction of speed by the van which was ahead of it. The driver did admit that he applied the brakes perhaps slightly quicker than in making an ordinary stop. It was not shown that any other passenger was injured; besides, no complaint thereof was made by anyone else. The evidence for the defendants was that at no time thereafter did they have an inkling from the plaintiff that she had sustained an injury.

The evidence showed that, about six months later, the plaintiff sustained injuries in an automobile

wreck and that a complaint thereon was settled before the institution of the present suit. There was testimony to the effect that there was great similarity between the alleged injuries, sustained in the bus incident and those which were sustained in the car wreck.

The evidence as to the suddenness of the reduction of speed, and as to the cause of the alleged injuries in the bus incident, and those in the car wreck was in hopeless dispute.

On her appeal, Mrs. Pickering claims that (1) she was entitled to a peremptory instruction; (2) the verdict was against the great weight of the evidence; (3) that the instructions were in conflict; and (4) reversible error was committed in the cross examination of Mrs. Pickering by defense counsel with reference to another incident when she was injured in a car wreck.

From the foregoing statement of facts the first two assignments are clearly without merit.

After due consideration of the other assignments of error, the Court is of the opinion that the instructions, when read and considered together, presented no real conflict; and that the trial judge did not abuse his discretion in allowing appellant's cross-examination to the extent to which complaint is made. If there was, in fact, error in the trial of this cause, the Court finds that it was harmless.

It therefore follows that the judgment of the trial court should be, and it is, affirmed.

Affirmed.

*Ethridge, Gillespie, Rodgers, and Jones, JJ.,* concur.