IDELLA M. MORRISSEY, APPELLANT, v. ARVILLA M. JOHNSON ET AL., APPELLEES.
137 N. W. 2d 713

Filed October 29, 1965. No. 35981.

Kelly & Kelly, for appellant.

Kenneth H. Elson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is an action to recover for personal injuries and property damage resulting from a collision of two automobiles at the intersection of Stolley Park Road and Fred Street south of Grand Island, Nebraska. Plaintiff pleaded acts of negligence on the part of the defendant driver and the defendant driver asserted contributory negligence on the part of the plaintiff. The case was submitted to a jury on these issues. The jury found that there was no cause of action by either driver against the other. A motion for a new trial was filed by plaintiff and overruled by the trial court. The plaintiff has appealed.

The only question raised by the appeal is whether or not the trial court was in error in submitting the issue of contributory negligence to the jury. The finding of negligence on the part of the defendant by the jury is not questioned on the appeal.

The collision occurred on May 13, 1960, at about 7:10

p.m.  It was during daylight hours and visibility was good.  The streets and intersection involved were paved and dry.  The plaintiff was returning from Hastings accompanied by Mrs. Arlene Hansen and Mrs. Darlene Jackson.  Plaintiff was driving her automobile, with Mrs. Jackson riding in the right front seat and Mrs. Hansen riding in the rear seat.  They drove north on Locust Street and turned west on Stolley Park Road for the purpose of taking Mrs. Jackson to her home.  They approached Riverside Road at about 15 miles per hour.  Mrs. Jackson informed plaintiff that this was not the turn and they proceeded west to Fred Street, which they approached at 15 miles per hour.  Plaintiff testified she turned on her left-turn signal two houses back from the intersection.  She looked in her rear-view mirror and saw no vehicles following as she entered the intersection.  She testified that as she turned left onto Fred Street she was struck by defendant's car at about the center of the intersection, but that there was no line to go by.  She said she made practically a square turn to the left.  After the collision plaintiff's car was off the pavement, headed south, a few feet south of Stolley Park Road on the west side of Fred Street.  It had been struck at the rear of the door on the left side.  Plaintiff's evidence was largely corroborated by Mrs. Hansen and Mrs. Jackson.

The defendant testified that she was travelling alone from Lincoln to her home in Lexington, Nebraska.  She also drove north on Locust Street toward Grand Island and turned west on Stolley Park Road.  After turning west she saw plaintiff's car about a block ahead of her.  She was then driving about 25 miles per hour.  She saw plaintiff's car slow down at Riverside Road and then drive on west.  When she was some distance to the rear of plaintiff's car and as plaintiff approached Fred Street, the defendant turned into the left lane and speeded up to 35 miles an hour for the purpose of passing.  She stated that she sounded her horn as she started around and as she neared the intersection plain-

tiff's car cut the corner to the left in front of her, resulting in the collision. Defendant testified that she saw no turn signal of any kind, although she admitted plaintiff's mechanical turn signal was on immediately after the collision. She stated that the turn signal was dim and dusty and difficult to see, even after it was pointed out to her. She applied her brakes some 57 feet back, as shown by tire marks on the pavement for that distance. After the collision her car was in the south part of the intersection, headed northwest.

A state patrolman who appeared at the scene of the accident testified to the skid marks made by defendant's car as being 57 feet in length to the east of the point of impact. He determined the point of impact to have been 6 feet west of the east edge of the pavement on Fred Street and 3½ feet south of the centerline of Stolley Park Road.

We do not think the trial court erred in submitting the question of plaintiff's contributory negligence to the jury. Plaintiff testified that she looked in her rear-view mirror as she commenced her turn at the intersection. She testified that she had previously looked in her rear-view mirror some distance back and had seen no vehicles behind her. Defendant testified that she sounded her horn as she started to pass the plaintiff's car. Plaintiff testified that she heard no audible warning. The evidence shows that plaintiff was looking for Fred Street and was being informed by Mrs. Jackson as to where it was. The evidence shows that plaintiff did cut the corner in turning left onto Fred Street, contrary to the provisions of section 39-750, R. R. S. 1943. This is evidence of negligence. Warren v. Bostock, 170 Neb. 203, 102 N. W. 2d 55.

The collision occurred on a protected highway outside of the city limits of Grand Island. There is no evidence of excessive speed on the part of either driver. The giving of a statutory signal for a turn from a highway will not alone absolve the driver from negligence

where he fails to exercise care for his own safety, and that of others, by looking to the front and rear for approaching cars. Lockmon v. Reed, 170 Neb. 772, 104 N. W. 2d 269. A motorist is required to use reasonable care for his own safety while operating an automobile on the public highways. Where the evidence shows a violation of the statutory rules of the road, or the evidence is in conflict thereon, the issue is one of fact for the jury.

The evidence is in dispute as to whether or not the plaintiff looked to the rear at a time when looking would have been effective. Plaintiff was cross-examined as to contradictory statements pertaining to the accident. We think the conflicts in her evidence were for the jury's determination.

In Gross v. Johnson, 174 Neb. 273, 117 N. W. 2d 534, this court said: "Where different minds may reasonably draw different conclusions or inferences from the adduced evidence, or if there is a conflict therein, as to whether or not the evidence establishes negligence or contributory negligence, and the degree thereof, when one is compared with the other, such issues must be submitted to the jury."

In Cawthra v. Shackelford, 176 Neb. 147, 125 N. W. 2d 186, we said: "In those cases where reasonable minds may differ on the question of whether or not the operator of an automobile exercised the care, caution, and prudence required of him under the circumstances of the particular situation the issue of negligence on the part of the operator is one of fact to be determined by a jury."

The evidence of defendant's negligence and plaintiff's contributory negligence was for the jury. No contention is made that the issues were not properly submitted other than that there was no evidence of contributory negligence. There was therefore no error assigned that requires a reversal of the judgment by this court, and the judgment is affirmed.

AFFIRMED.