HAROLD E. SCOFIELD, APPELLEE, V. JOHN HASKELL, APPELLANT.

142 N. W. 2d 597

Filed May 20, 1966.  No. 36191.

Vogeltanz & Kubitschek, for appellant.

Wagoner & Grimminger, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KUNS, District Judge.

SPENCER, J.

This is an appeal from a judgment for $6,162.17 from the district court for Valley County, rendered on a verdict in favor of Harold E. Scofield, plaintiff, and against John Haskell, defendant, for personal injuries and property damage sustained because of the alleged negligence of the defendant.

Plaintiff, driving his GMC pickup to the south and east on highway No. 11 at a speed of 50 to 60 miles per hour, approached the defendant's 1948 Dodge from the rear. Plaintiff testified that at a point 1½ miles southeast of Ord, when plaintiff was 30 to 40 feet behind the defendant, the passing lane being clear, the plaintiff honked his horn to pass and then pulled out to pass the defendant. The defendant suddenly made a left-hand turn without warning, and came to a stop astraddle the road. Plaintiff attempted to make a right turn to avoid hitting the defendant, went down an embankment on the south, and his car rolled over two and one-half times. Defendant was turning into what the evidence clearly indicates was a private road usually closed off with a gate or cable, and on which the owner testified he had posted a "No Trespassing" sign.

Defendant's version of the occurrence is that he put on his turn signal 100 feet before the road; that he pulled to the right; and started to turn, but came to an abrupt stop before crossing the centerline because a car was approaching. He does admit, however, that his car was diagonal and in a northeasterly direction when he stopped. His companion, who was sitting in the front seat, did not observe the car defendant said was approaching, and the plaintiff testified positively

that no car was approaching. In any event, it is evident that the jury accepted plaintiff's version of the facts.

Defendant urges several assignments of error, only one of which has merit. We will discuss that one first, and, because the judgment is being reversed and the cause remanded for a retrial on the issue of damages only, we will briefly discuss the other assignments. Defendant's assignment of error No. 2 concerns the restriction on the cross-examination of Doctor House, plaintiff's orthopedic specialist. The following exact quotation from the record poses the problem: "Q. Had he had any previous injuries prior to August 14, 1963? A. Not to his neck as far as my knowledge is concerned. Q. And therefore the first examination you made as to his injury was about a year and a half after August 14, 1963, is that not correct? A. That is correct. Q. Is any of this part that you have examined the arthritic condition caused by something else not connected with the accident? BY MR. WAGONER: Objected to as improper cross examination; not limited to any of the evidence of the medical injury brought out on direct examination in the absence of foundation so the witness can not intelligently answer the question. BY THE COURT: Overruled, you may answer. A. My opinion is that the findings observed clinically and on X-ray are the result of trauma or injury. Q. Did I understand that he had a previous injury which you treated him for prior to August 14, 1963? A. He had a previous injury not directly related to the— Q. When was that? A. This could be privileged communication. BY THE COURT: Yes, it is. BY MR. WAGONER: Objection, this is not brought out in direct examination; there has been no claim on the plaintiff for any other injuries to any other part of the body not defined and described in his testimony and we feel the doctor would not be in a position to answer the treatment other than connected with the accident of August 14, 1963. BY THE COURT: Sustained. BY MR. VOGELTANZ: We have no further cross exam-

ination. (JURY EXCUSED.) BY MR. VOGELTANZ: At such time the defendant offers to prove by the witness Dr. House that there was a previous injury and that part, if any, of the inability and the inability to function and pain that now exists is a matter of the previous injury which Dr. House treated and this defendant is entitled to show the same to the jury as is the extent of such injury, when it occurred, what it was and the result there of and the result thereof and the result of the treatment thereof. BY MR. WAGONER: To which the plaintiff objects for the reason it is improper cross examination; that it is not examination directed or calculated to impeach the testimony of the witness and for the reason that the witness testified prior to counsel's question that any treatment performed upon the plaintiff prior to August 14, 1963 was to a different part of the body and not to the area of the body testified to by the witness on direct examination and shown to have no connection with the present condition of the plaintiff."

Plaintiff urges that the trial court in this instance strictly observed and properly applied the rule of practice that a party should not be permitted to cross-examine a witness as to a matter foreign to the scope of his direct examination, and that the rule of strict cross-examination has been adopted and is in force in this state. See Grosse v. Grosse, 166 Neb. 55, 87 N. W. 2d 900.

In Zelenka v. Union Stock Yards Co., 82 Neb. 511, 118 N. W. 103, we said: "In this state the strict rule of cross-examination has been adopted, and it is not ordinarily permitted to cross-examine a witness upon a matter not related to his testimony in chief, simply because such matter is relevant to the issues. This does not, however, mean that a cross-examination must be confined to the questions asked upon the direct examination. Any question concerning the matter which is the subject of the direct examination may be inquired into."

The difficulty in this case is that the cross-examination

could be within the scope of the direct examination. No record was made as to the nature of the previous injury nor the time thereof. The plaintiff, from the first objection made, was apparently prepared for an attempt to elicit information on the previous injury. The doctor said that plaintiff had a previous injury "not directly related to" and then stopped. His testimony, however, is that the plaintiff's condition is the result of trauma. We determine that the restriction on cross-examination was prejudicial. Defendant was certainly entitled to know the nature of the previous injury to test the credibility of the witness and his inference that the present disability was solely the result of the injury involved in this action.

In Zimmerman v. Lindblad, 154 Neb. 453, 48 N. W. 2d 415, the plaintiff complained because the defendant was permitted to elicit information as to a previous injury on cross-examination. In that case we said: "The general rule is that a party has no right to cross-examine a witness except as to facts and circumstances connected with matters testified about on his direct examination. Atwood v. Marshall, 52 Neb. 173, 71 N. W. 1064. However within the meaning of this rule cross-examination is proper as to anything tending to affect the accuracy, veracity, or credibility of the witness. Citizens Bank of McCook v. Warfield, 85 Neb. 328, 123 N. W. 315. Also where testimony is given by a witness on direct examination, from which an inference of fact arises favorable to the party producing him, anything within the knowledge of the witness tending to rebut that inference is admissible on cross-examination, and the opposing party is entitled to pursue that line of cross-examination as a matter of right. Larson v. Hafer, 105 Neb. 257, 179 N. W. 1013. Again, anything within the knowledge of a witness tending to rebut evidence given on direct examination is admissible as a matter of right on cross-examination. Blue Valley State Bank v. Milburn, 116 Neb. 131, 216 N. W. 299."

There is no merit to any claim of privileged communication. When the plaintiff called the medical witness to testify as to the extent of his injuries and to sustain his allegations of permanent injury, he waived any privilege as to that witness, and the defendant is permitted to cross-examine on any point that could have any bearing on plaintiff's disability and the cause thereof.

Section 25-1207, R. R. S. 1943, specifically provides, so far as material herein: "Any person who institutes any action in any court to recover damages for personal injuries or in which his physical or mental condition is one of the issues involved in such action, shall be deemed to have waived the right and privilege conferred by section 25-1206 as to any physician or surgeon who is presently attending or who has attended such person for the physical or mental injuries or conditions involved in such action." See, also, Ansnes v. Loyal Protective Ins. Co., 133 Neb. 665, 276 N. W. 397, in which we held: "Where plaintiff offers evidence of his physical condition, he thereby waives the right conferred by section 20-1206, Comp. St. 1929, as to any physician who shall have attended him, even though such physician attended him before the time fixed by plaintiff's testimony as the beginning of his disability."

Defendant argues that this case is controlled by the rule that generally it is negligence as a matter of law for a motorist to drive a motor vehicle on the highway in such a manner that he cannot stop in time to avoid a collision with an object within the range of his vision. This rule clearly has no application to the facts in this case. We held in Warren v. Bostock, 170 Neb. 203, 102 N. W. 2d 55: "This rule, recognized in certain situations, has no application to an operator of a vehicle who undertakes to pass another."

Defendant's assignment of error No. 3 is to the effect that the assessment of damages was grossly excessive. While the assignment is now immaterial, it is without merit. Plaintiff's medical evidence indicates injuries of

a permanent character. The verdict bears a reasonable relationship to the injuries sustained. See Peacock v. J. L. Brandeis & Sons, 157 Neb. 514, 60 N. W. 2d 643.

Defendant's assignment of error No. 4 insists the verdict of the jury is clearly against the weight and reasonableness of the evidence; and assignment of error No. 5 is that the court erred in failing to direct a verdict in favor of the defendant. Clearly, a jury question was presented. Defendant attempted a sudden turn across a public highway into a private road. A left-hand turn across a public highway into a private road is fraught with danger, and one making such a movement is required to exercise a degree of care commensurate with the danger. The jury could have determined defendant made such movement without prior warning and without exercising the degree of care commensurate with the danger. See Petersen v. Schneider, 153 Neb. 815, 46 N. W. 2d 355.

Defendant's assignment of error No. 8 is directed to the giving of instructions Nos. 15 and 16, probably upon defendant's assumption that the plaintiff was bound by the rule of stopping within the range of his vision referred to previously. There is no merit to this assignment. Instructions Nos. 15 and 16 state the law applicable in this jurisdiction to the facts in this case.

Defendant's assignment of error No. 9 complains of the use by the trial court in instruction No. 20 of the words "in finding for the plaintiff," rather than the words, "If you find for the plaintiff." The choice of words was very poor, but when the instruction is read in context there can be no question as to its meaning.

We are convinced that the jury has settled the issue of liability herein fairly and upon sufficient evidence. We determine the only error to be the restriction of the cross-examination of a medical witness. This went only to the issue of damages. There is, therefore, no need to retry the issue of liability.

In Caster v. Moeller, 176 Neb. 446, 126 N. W. 2d 485,

where negligence of the defendant and contributory negligence of the plaintiff were involved, we held: "Where the court is convinced upon a review of the whole case that the jury has settled the issue as to responsibility fairly and upon sufficient evidence, so that dissociated (sic) from other questions it ought to stand as the final adjudication of the rights of the parties, and that there has been such error in the determination of damages as to require the setting aside of the verdict, a new trial as to damages alone may properly be ordered."

We reverse the judgment and remand the cause, but limit the new trial to the issue of damages. The finding on liability has determined that the plaintiff was not guilty of contributory negligence more than slight, if any. We direct that the jury should be instructed that if it finds that the plaintiff was guilty of contributory negligence, such shall be considered by it only in mitigation of damages and in proportion to the amount of contributory negligence which it may attribute to the plaintiff. § 25-1151, R. R. S. 1943.

REVERSED AND REMANDED WITH DIRECTIONS.

See *post* p. 406, for dissenting opinion.