**Leon HOBBS Jr., a minor, Plaintiff in Error,**

**v.**

**Norma REED, Defendant in Error.**

**No. 42581.**

Court of Appeals of Oklahoma, Division No. 90.

Jan. 28, 1970.

Cleeta John Rogers, Floyd L. Martin, Jr., Oklahoma City, for plaintiff in error.

Ivester, Ivester & Ivester, Sayre, for defendant in error.

HARRIS, Judge.

This is an appeal from judgment of the trial court sustaining motion for new trial. The parties will be referred to as they appeared in the trial court.

Plaintiff filed suit seeking damages for personal injuries against Leon Hobbs Jr., a minor for whom guardian ad litem was appointed, and Leon Hobbs, Sr. She alleged an automobile driven by the boy and

owned by his father, collided with plaintiff's automobile, due to the negligence of the minor driver. The case was tried with the intervention of a jury which returned its verdict in favor of the plaintiff and against the defendant, Leon Hobbs Jr., in the amount of $1320.05. Plaintiff filed motion for new trial, which was sustained by the trial court; and defendant appeals.

Plaintiff alleged in her Petition that the accident occurred on June 10, 1964, and that she received bruises to her right arm and elbow, her right wrist and hand, injury about her chest, fracture and sprained neck and back and right shoulder, resulting in permanent injury to her; and also received what is commonly known in medical terms as whiplash injury.

At the trial, it developed that the plaintiff had suffered accidents on July 24, 1964 and in December, 1964, in addition to the accident which was the subject matter of this lawsuit. One of the doctors who appeared as a witness for the plaintiff testified that he treated plaintiff following the accident of July 24, 1964, sometimes referred to as the "Weatherford accident", and that plaintiff's neck was involved in that accident. The doctor also said that she may have suffered a whiplash (injury to neck) in the accident of June 10, 1964. The doctor who attended plaintiff following the accident of June 10, 1964, stated that she was complaining of pain in her neck at that time, and it was his opinion that the pain in her neck was associated with the June 10th accident. Plaintiff testified that she had not recovered from the June 10th accident when she had the "other one" (July 24, 1964); that her neck continued to bother her, and that in December, 1964, she was involved in another accident which affected her neck, and received treatment for it. There was a great deal of confusion in the testimony of the plaintiff, as well as the professional witnesses, with respect to which injuries and disability resulted from the June 10th accident and from the July 24th accident.

On cross-examination, plaintiff was asked whether she had received a settlement for her injuries in the Weatherford (July 24, 1964) accident, to which she replied in the affirmative. Then she was asked how much she received, and she replied that she has received $1500.00.

■ The decision revolves around the question of whether the trial court erred in admitting the evidence concerning the settlement of plaintiff's claim for the accident of July 24, 1964. We think it did not. A witness may be cross-examined on matters other than those covered in the direct examination if the questions[1] tend to explain, contradict or discredit his testimony. Frierson v. Hines, 426 P.2d 362 (Okl. 1967). The precise question whether settlement of plaintiff's claim for injuries suffered in another accident, by the fault of another tort feasor, is admissible, has not been passed upon by the Supreme Court of Oklahoma. However, there is respectable authority from other jurisdictions for the admission of such evidence. The Supreme Court of Nebraska has held that judgment in another case, by which plaintiff made recovery for disability overlapping the period claimed in the instant case, was admissible. Zimmerman v. Lindblad, 154 Neb. 453, 48 N.W.2d 415. A Mississippi case is authority for admissibility of evidence of settlement for injuries claimed in a subsequent accident. Pickering v. Continental Southern Lines, Inc., 250 Miss. 694, 168 So.2d 43.

In sustaining plaintiff's motion for a new trial, the Court stated, "It is my opinion that the question 'How much did you receive, please ma'am?', and the answer '$1500.00', by plaintiff, was improper, and the Court erred in overruling Mr. Ivester's motion to strike. At best this should not have been known to the jury, and at least it should have been stricken, and the jury instructed to completely disregard it, in that it had nothing to do with the case. I believe that this improper evidence may have prejudiced the amount of damages awarded to plaintiff by the jury."

Since the plaintiff's Petition alleged that she received specific injuries in the accident of June 10, 1964, and some of the same injuries were a result of the accident of July 24, 1964, we think it was proper to allow the defendant to show that she had made a recovery for the injuries suffered in the accident of July 24, 1964, because the evidence disclosed that plaintiff received injuries to her neck in the June 10, 1964 accident and again in the July 24, 1964 accident, only 44 days later. Her attempts to minimize the injuries caused by the latter accident and attribute her disability to the first accident, the same area (neck) being involved in the two accidents, were contradictory and inconsistent. Under the facts in this case we think the amount of plaintiff's recovery for the July 24, 1964 accident became admissible. Hinkle v. Hampton, 388 F.2d 141 (C.C.A. 10 1968).

We are cognizant that the authorities set out in 69 A.L.R.2d 593 and Later Cases Service, appear to be divided on the admissibility of such evidence; but an examination of the cited cases, excluding evidence of other injuries, shows a different factual situation from the instant case.

Having decided that the trial court committed no error in admitting the evidence of settlement of another claim, we should then consider whether the trial court erred in sustaining plaintiff's motion for new trial. The trial court recited its reasons for granting the motion for new trial, as required; and on appeal, the reviewing court will confine its review to the reasons so recited. Croft v. Dodson, 310 P.2d 375 (Okl.1957). The trial court has no authority to substitute its own judgment for that of the jury in a damage action, and to grant a new trial. C. F. Church Division of American Radiator and Standard Sanitary Corporation v. Golden, 429 P.2d 771 (Okl.1967). The judgment of the trial court is reversed with directions to overrule plaintiff's motion for new trial and re-instate the judgment.

BERRY, P. J. and MILLS, J., concur.